**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALLEN POPELKA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-CV-912-SEB-VSS |
| ) | |
| TOM HANLON, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, habeas petitioner Allen Popelka was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In a disciplinary proceeding identified as No. CIC 05-03-161, Popelka was charged with and found guilty of possession of drug paraphernalia. He was sanctioned. In this action for a writ of habeas corpus, Popelka challenges that determination by contending that the

conduct board's decision was not supported by sufficient evidence, is not supported by reliable evidence, and is contradicted by other evidence which was presented to the conduct board. All of these variations amount to a challenge to the sufficiency of the evidence.

Using the protections recognized in *Wolff v. McDonnell,* 418 U.S. 539 (1974), and *Hill* as an analytical template, Popelka received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Popelka was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed.

With respect to the sufficiency of the evidence, Popelka is mistaken in arguing that due process requires more than the "some evidence" which was established in *Hill* as the proper standard. Although state law may dictate a higher standard, this court exercises its habeas corpus jurisdiction only to vindicate violations of state law. *See also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). A federal court "does not sit to correct any errors of state law." *Hester v. McBride,* 966 F.Supp. 764, 774 (N.D.Ind. 1997) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991).

The facts favorable to the conduct board's decision are these: On March 17, 2005, Sergeant Gibson smelled marijuana coming from Popelka's cell at the Correctional Industrial Complex, an Indiana prison. The sergeant opened Popelka's cell and saw Popelka, standing in the smoke-filled cell, in a daze. Sergeant Gibson ordered Popelka to remove his clothing, examined Popelka's clothing, and found one marijuana "rollie" wrapped in a piece of paper in Popelka's right front pants pocket. Popelka was asked if the marijuana rollie was his and he responded, "Yes, it is mine." This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is not an exacting one. A federal habeas court does not conduct examination of the entire record, independently assess witness credibility, or weigh evidence. *McPherson,* 188 F.3d at 786. Rather, its task is to determine whether there is any evidence in the record that could support the conclusion of the conduct board. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In addition, an inmate facing a hearing on alleged misconduct within a prison has no right to the physical production of evidence, *Griffin v. Spratt,* 969 F.2d 16, 22 (3d Cir. 1992), nor to a forensic test to establish his innocence. *Friedas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988); *U.S. Ex Rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981). The conduct board's determination that Popelka was in possession of marijuana or a marijuana cigarette wrapper is supported by constitutionally sufficient "some evidence."

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Popelka to relief. His claim that he was denied the protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/10/2005

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana